WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-00506-PHX-DGC (DKD) |
| Plaintiff, | |
| v. | **ORDER** |
| Juan Mark Sayegh, et al., | |
| Defendants. | |

The United States has filed a motion to dismiss Claimant Tara Koebler's petition contesting forfeiture of certain real property. Docs. 297, 309. The motion is fully briefed. Docs. 318, 320. Oral argument has not been requested. For reasons stated below, the Court will grant the motion.

**I.   Background.**

This case involves the manufacture and distribution of controlled substance analogues commonly known as "spice" and "bath salts." Doc. 3. Koebler's former spouse, Defendant Juan Sayegh, pled guilty to two counts of the superseding indictment, conspiracy to distribute a controlled substance analogue and conspiracy to commit money laundering. Docs. 66, 198. The Court issued a preliminary order forfeiting monetary assets and certain real property connected to the crimes, including property located at 13250 North 1st Place, Phoenix, Arizona ("North 1st Place"). Doc. 215 at 2.

Koebler filed a sentencing memorandum claiming an interest in North 1st Place

(the "petition"). Doc. 297. Consistent with his plea agreement, Sayegh received a 48-month sentence and forfeited his interest in the North 1st Place parcel and other property identified in the preliminary forfeiture order. Docs. 304, 307. The Court declined to enter a final order of forfeiture with respect to North 1st Place due to Koebler's petition. *Id.*

The government moves to dismiss the petition as untimely. Doc. 309. Koebler opposes the motion. Doc. 318.

**II.     Criminal Forfeiture Notice and Filing Requirements.**

Criminal forfeiture of property is governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2. Section 853(n)(1) requires the government to publish notice of the forfeiture order and its intent to dispose of the property. Rule 32.2(b) requires notice by publication and direct notice to all reasonably known potential claimants. Fed. R. Crim. P. 32.2(b)(6)(A). The notice must describe the property subject to forfeiture, state the time when a petition contesting forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. Fed. R. Crim. P. 32.2(b)(6)(B). The notice must be published and sent to potential claimants in accordance with certain provisions of Supplemental Rule G(4) of the Federal Rules of Civil Procedure. Fed. R. Crim. P. 32.2(b)(6)(C)-(D); Supp. R. G(4)(a)(iii)-(iv), (b)(iii)-(iv).

Section 853(n)(2) permits a third party to file a petition contesting forfeiture "within thirty days of the final publication of notice or [her] receipt of notice[,] whichever is earlier[.]" Courts have held that "the time requirements of [§] 853(n)(2) are mandatory and that a third party who fails to file a petition within the prescribed thirty days 'forfeits her interest in the property.'" *United States v. Muckle*, 709 F. Supp. 2d 1371, 1372 (M.D. Ga. 2010) (quoting *United States v. Marion*, 562 F.3d 1330, 1337 (11th Cir. 2009)). Indeed, Rule 32.2(c)(2) specifically provides that a third party who fails to file a timely petition may not object to the forfeiture "on the ground that the third party had an interest in the property."

## III. Discussion.

Koebler filed her petition contesting the forfeiture of North 1st Place on April 25, 2018. Doc. 297. The petition must be dismissed as untimely, the government argues, because it was filed more than five months after notice of the forfeiture was provided to Koebler pursuant to § 853(n)(1) and Rule 32.2(b)(6). Doc. 309 at 3-8. The Court agrees.

The government provided Koebler with notice of the forfeiture in three ways: by mail, service on her attorney, and publication. The government mailed notices of the forfeiture to the North 1st Place address and the last known address at which Koebler and Sayegh resided, 2926 East Hartford Avenue, Phoenix, Arizona ("East Hartford"). Doc. 309-3. The notices were sent by regular mail and certified mail on September 26, 2017. *Id.* The notices sent to North 1st Place and the notice sent to East Hartford by certified mail were returned undelivered, but the notice sent to East Hartford by regular mail was not returned. "Mail that is properly addressed, stamped and deposited into the mails is presumed to be received by the addressee." *In re Bucknum*, 951 F.2d 204, 207 (9th Cir. 1991) (citation omitted); *see Hagner v. United States*, 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed."); *United States v. Devlin*, No. 6:11-CR-56-ORL-28KRS, 2013 WL 275968, at *9 (M.D. Fla. Jan. 22, 2013) (dismissing petition as untimely and noting that the common law has long recognized a "presumption that an item properly mailed was received by the addressee"). Applying the five-day "usual time" for mail delivery, the deadline for Koebler to file a petition based on the notice provided by regular mail was October 31, 2017 (35 days after September 26). *Devlin*, 2013 WL 275968, at *10; *see* 21 U.S.C. § 853(n)(2).

The same day that notices were mailed to Koebler, the government served her attorney in a related civil forfeiture action with notice of the criminal forfeiture order in this case. Doc. 309-5; *see United States v. Consortium Distribution*, No. CV-12-2616-PHX-SLG (D. Ariz.). The notice advised counsel that pursuant to § 853(n)(2), a claimant

must file a petition contesting forfeiture within 30 days of receipt of the notice. Doc. 309-5 at 1. The notice was sufficient to apprise Koebler of the pendency of the criminal forfeiture action and afford her an opportunity to file a petition contesting forfeiture of North 1st Place. *See* Supp. R. G(4)(b)(iii)(B) (the government may provide direct notice of the forfeiture by sending notice to "the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case"); *Muckle*, 709 F. Supp. 2d at 1373 ("Whether Rule G(4) applies or not, notice to a potential claimant's known attorney of record is notice reasonably calculated to apprise the claimant of the pendency of the action and afford her an opportunity to present her objections."). The notice to Koebler's attorney was received on October 5, 2017. *Id.* at 4. Koebler was required to file a petition within 30 days, or November 4, 2017. 21 U.S.C. § 853(n)(2).[1]

Pursuant to Supplement Rule G(4)(a), the government also published notice of the forfeiture on its official website, www.forfeiture.gov, for 30 consecutive days between September 20 and October 19, 2017. Doc. 309-1. The notice included the preliminary forfeiture order describing the North 1st Place property, stated that any claimant must file a petition within 30 days of the last date of publication, and provided the name and contact information for the government attorney to be served with the petition. *Id.* at 7-8. This official internet publication was sufficient to notify Koebler of the forfeiture of North 1st Place. Fed. R. Crim. P. 32.2(b)(6)(C); Supp. R. G(4)(a)(iv)(C); *see United States v. $9,960.00 in U.S. Currency*, No. 1:12CV293, 2013 WL 566181, at *2 (W.D.N.C. Feb. 13, 2013) (finding that the government satisfied Supplement Rule G(4) and due process requirements by publishing notice for 30 days on the official forfeiture website); *United States v. $8,5000.00 in U.S. Currency*, No. 1:08CV1103, 2009 WL 1252379, at *3 (E.D. Va. May 5, 2009) (finding that the notice requirements of Supplement Rule G(4) were met where the "required notice appeared on an official

---

[1] The civil forfeiture proceeding has been stayed pending resolution of forfeiture issues in this criminal case. *See* Case No. CV-12-2616-PHX-SLG, Docs. 158, 174.

- 4 -

internet government forfeiture site for thirty days"). Koebler's deadline for filing a petition based on the notice by publication was November 20, 2017 – 30 days after "the final publication of notice" (excluding the last Saturday and Sunday). 21 U.S.C. § 853(n)(2); *see United States v. Phillips*, No. 2:12CR37, 2013 WL 428557, at *2 (E.D. Va. Feb. 1, 2013) ("Under the terms of the statute, the thirty days to bring a petition started to run on . . . the final day on which the notice of forfeiture was published on the Government's forfeiture website[.]").

As noted, Koebler did not file her petition until April 25, 2018. Doc. 297. Thus, regardless of whether the petition was due as early as October 31, 2017, based on the notice provided by regular mail, or later in November based on the other notices, the petition was untimely under § 853(n)(2). The government's motion to dismiss must be granted because Koebler's failure to file her petition within 30 days of "the preliminary forfeiture order notices extinguished her interests in [North 1st Place] under § 853(n) and Rule 32.2(c)(2)." *Marion*, 562 F.3d at 1342; *see Muckle*, 709 F. Supp. 2d at 1375 ("Having failed to make a timely claim, [claimant's] right to proceed in the ancillary proceedings [under § 853(n)] is foreclosed."); *United States v. Fisher*, No. 3:14-CR-58, 2016 WL 225679, at *2 (N.D. W. Va. Jan. 19, 2016) (dismissing petition where the claimant filed it more than 30 days after publication of the notice on the government's forfeiture website); *United States v. Negron-Torres*, 876 F. Supp. 2d 1301, 1305 (M.D. Fla. 2012) (finding petition untimely where it was filed 37 days after the pro se claimant received notice of the forfeiture); *United States v. Cazares*, No. CR 10-00666-PHX-JAT, 2013 WL 3894976, at *4 (D. Ariz. July 29, 2013) (denying motion for an ancillary proceeding under § 853(n) where the claimants "waited almost five months to file their petition").

Koebler does not dispute that the government provided the notices of forfeiture described above. Rather, she claims that the government "may not rest on its statutory compliance for notice" because the government had reason to believe that she did not receive actual notice and had other methods of notice available. Doc. 318 at 1. Koebler

notes that her attorney in this case communicated with government counsel about the forfeiture of the North 1st Place property in the fall of 2017, and yet the government never mentioned the notices or the petition deadline. *Id.* at 1-2. Koebler further notes that her attorney erroneously believed that this was an administrative forfeiture proceeding and the dispute focused solely on whether Sayegh owned the North 1st Place property. *Id.* at 2. Koebler blames the government for not clarifying matters in discussions with her counsel. *Id.* She notes that in January 2018, based on the belief that the forfeiture was administrative, she "provided the government with an informal claim[] and a volume of evidence to support her meritorious claim against the forfeiture of [North 1st Place]." *Id.*

The government counters that because real property can never be forfeited administratively, only judicially in a civil or criminal action, the mistaken belief on the part of Koebler's attorney was not reasonable. Doc. 320 at 2-3; *see* 18 U.S.C. §§ 982(a)(1), 985(a). The government states that although Koebler's attorney may have been mistaken, the government did nothing to mislead him. Doc. 320 at 3. Counsel for the government states that while he always informs potential claimants and their attorneys that the government will review any supporting documentation they may provide, he never tells them that they do not need to file a petition. *Id.*

Koebler has not shown that the government intentionally misled her attorney or otherwise engaged in inappropriate conduct. To the contrary, the government made diligent efforts to notify Koebler of the forfeiture pursuant to the dictates of § 853(n) and Rule 32.2. The Court finds no basis to excuse Koebler's failure to file a timely petition. *See United States v. Cuong Mach Binh Tieu*, No. CR 11-00097 CRB, 2014 WL 6680524, at *4 (N.D. Cal. Nov. 25, 2014) ("Rule 32.2 does not require the government to follow up on its unequivocal statements to ensure that the recipient understands. . . . [T]he government was not required to do so, and [claimants'] inaction upon receiving notice cannot be excused.").

Koebler's reliance on *Jones v. Flowers*, 547 U.S. 220 (2006), is misplaced.

- 6 -

Doc. 318 at 3. That case involved the tax sale of real property after certified letters providing notice of the sale were returned to the state unclaimed. The Supreme Court held that when notice of a tax sale is mailed to the owner and returned undelivered, the government must take additional steps to provide notice before taking the owner's property. *Jones*, 547 U.S. at 234-39.

In this case, the notice sent by regular mail to Koebler's address was not returned. In addition, the government continued to post notice of the forfeiture on its official website and provided notice to Koebler's counsel in the civil forfeiture action. The Supreme Court made clear in *Jones* that due process does not require that a property owner receive actual notice before the government may take her property. *Id.* at 226. Rather, "due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see Muckle*, 709 F. Supp. 2d at 1373 (noting that the provisions of Rule G(4) "are themselves simply a restatement of the due process requirements that courts have always applied to determine whether notice is reasonable"). The government in this case satisfied the requirements of due process. *See Muckle*, 709 F. Supp. 2d at 1373-74; *$9,960.00 in U.S. Currency*, 2013 WL 566181, at *2.

Koebler's reliance on *Garcia v. Meza*, 235 F.3d 287 (7th Cir. 2000), fares no better. Doc. 318 at 2-3. The government in that case made only one attempt to provide notice and, before administratively forfeiting the seized money, "knew for a fact" that the claimants had never received notice of the forfeiture. *Garcia*, 235 F.3d at 291. The government in this case provided notice in multiple ways and reasonably presumed that Koebler received the notice sent by regular mail to East Hartford. *See Devlin*, 2013 WL 275968, at *9; *Jones*, 547 U.S. at 234 (noting that "[o]ne reasonable step . . . would be for the State to resend the notice by regular mail, which requires no signature").

In summary, the Court concludes that Koebler's petition must be dismissed as untimely. *See* Fed. R. Crim. P. 32.2(c)(1)(A) (providing that "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason").

**IT IS ORDERED:**

1. The government's motion to dismiss Claimant Tara Koebler's petition contesting forfeiture (Doc. 309) is **granted**.

2. The interests of Claimant Tara Koebler, Defendant Juan Marco Sayegh, and all others in the following property is forfeited to the United States and the property shall be disposed of by the government according to law:

> Real property commonly known as 13250 North 1st Place, Phoenix, AZ, and particularly described as: Lot 133, Shadow Rock Estates, according to the plat recorded in Book 198 of Maps, page 50, records of Maricopa County, Arizona; APN: 159-02-639-1.

Dated this 10th day of August, 2018.

David G. Campbell
Senior United States District Judge