**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-16-00506-PHX-DGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Juan Marcos Sayegh, | |
| Defendant, | |
| and | |
| Tara Koebler, individually, | |
| Claimant. | |

Juan Sayegh pled guilty to two counts of conspiracy to manufacture and distribute controlled substance analogues. Docs. 66, 198. The Court issued a preliminary order forfeiting certain assets connected to the crimes, including real property in Phoenix ("the Property"). Doc. 215 at 2. Claimant Tara Koebler, who formerly was married to Sayegh, filed a petition claiming an interest in the Property, but the Court granted the government's motion to dismiss the petition as untimely. Doc. 297, 323. Koebler now seeks relief from the dismissal order under Federal Rule of Civil Procedure 60(b). Doc. 342. As in other cases, "[t]he United States does not dispute the use of Rule 60(b) to collaterally attack the criminal forfeiture order[.]." *United States v. Puig*, 419 F.3d 700, 702 (8th Cir. 2005). *See United States v. Estevez*, 845 F.2d 1409, 1411 (7th Cir. 1988) ("[T]he government agrees

that the provisions of Rule 60(b) of the Federal Rules of Civil Procedure are available to a third-party claimant seeking to vacate the final judgment of forfeiture."); Fed. R. Crim. P. 32.2(c) advisory committee notes (noting that a third-party claimant may file a Rule 60(b) motion to reopen the ancillary proceeding allowed by 21 U.S.C. § 853(n)).

Koebler's motion is fully briefed, and oral argument will not aid the Court's decision. For the following reasons, the Court will grant the motion.

# I. Koebler's Motion.

The Court may grant a motion for relief from judgment under Rule 60(b) only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief. Fed. R. Civ. P. 60(b); *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997).

The Court dismissed Koebler's original petition contesting forfeiture of the Property because her former attorney filed the petition more than five months after the applicable deadline. *See* Doc. 323. Koebler seeks relief based on excusable neglect and extraordinary circumstances pursuant to Rule 60(b)(1) and (6), respectively. Doc. 342. The government opposes the motion. Doc. 343.

## A. Rule 60(b)(1): Excusable Neglect.

Koebler asserts that her former lawyer failed to understand the deadlines, burdens of proof, applicable law, and procedural rules in her case, neglected to conduct the necessary research to competently represent her, and did not even know how to retrieve documents from the Court's electronic filing system. Doc. 342 at 7, 11. In sum, Koebler argues that the lawyer's ignorance and carelessness constitute excusable neglect under Rule 60(b)(1).

But "neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997). Indeed, "[t]he Ninth Circuit has repeatedly 'refuse[d] to provide relief on account of excusable neglect [due] to . . . attorney-based

mistakes of law." *See, e.g.*, *Castillo-Antonio v. Iqbal*, No. 14-cv-03316-KAW, 2017 WL 3335682, at *3 (N.D. Cal. Aug. 4, 2017) (quoting *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006)); *see also Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1043-44 (9th Cir. 1992). This is because, "[a]s a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004).

In short, "Rule 60(b)(1) is not intended to remedy the effects of a . . . the erroneous legal advice of counsel [or] attorney mistake. . . . Such mistakes are more appropriately addressed through malpractice claims."[1] *Latshaw*, 452 F.3d at 1101

### B. Rule 60(b)(6): Extraordinary Circumstances.

#### 1. Her Lawyer's Gross Negligence.

Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993). A party seeking to reopen a case under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding" with the action. *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

"[A]n attorney's gross negligence constitutes an extraordinary circumstance warranting relief from a judgment." *Lal v. California*, 610 F.3d 518, 521 (9th Cir. 2010). Gross negligence is "neglect so gross that it is inexcusable," or conduct "that results in the client's receiving practically no representation at all," which "vitiat[es] the agency relationship that underlies our general policy of attributing to the client the acts of [her]

---

[1] Koebler cites *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009), to support her claim that excusable neglect includes negligent failure to file on time. Doc. 342 at 9. But *Lemoge* failed to discuss or even cite any Ninth Circuit cases holding the contrary view. Moreover, *Lemoge* cited out of context the Supreme Court's language in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). In dicta, the Court in *Pioneer* discussed the scope of Rule 60(b), but later concluded that the court of appeals "erred in not attributing to respondents the fault of their counsel." *Id*. at 397.

attorney." *Id.* at 524 (quoting *Tani*, 282 F.3d at 1171); *Brooks v. Yates*, 818 F.3d 532, 534 (9th Cir. 2016) ("[G]ross negligence by counsel amounting to 'virtual abandonment' . . . justifies [relief under] Rule 60(b)(6).").

The Ninth Circuit has found gross negligence and extraordinary circumstances in various instances of attorney misconduct. *See, e.g., Tani*, 282 F.3d at 1166-67, 1170-71 (attorneys filed an answer two weeks late, failed four times to serve the opposing party with a pleading, disobeyed the court's order to arrange settlement discussions, failed to file required briefing, and represented falsely to the client that the litigation was going well); *Lal*, 610 F.3d at 521-23, 525-26 (attorney failed to file initial disclosures and confer with opposing counsel, missed case management conference and failed to tell client about the conference, was absent at hearing to show cause why the Court should not dismiss the case, and misled client for over seven months after her case was dismissed); *Mackey v. Hoffman*, 682 F.3d 1247, 1248-51, 1253-54 (9th Cir. 2012) (attorney lied to client about status of case and failed to tell him that judgment was entered for over a year, resulting in client's failure to timely appeal the denial of his § 2254 petition); *Brooks*, 818 F.3d at 534-35 (attorney failed to respond to court's order to show cause why untimely petition should not be dismissed, did not notify client of court's order despite repeated inquiries about petition's status).

Koebler retained her former lawyer in July 2017. Doc. 342-1 at 19. On June 21, 2018, the lawyer appeared before the Court for a conference with the parties, unaware that the government had filed a motion to dismiss his petition on May 25, 2018. The lawyer had neither seen the motion nor responded – apparently not knowing how to access documents from the Court's electronic filing system – and believed that the government had dismissed the forfeiture action against the Property. He stated:

> I did not recall – I did not get the actual motion. The ECF that I got, I did get an e-mail and – honestly, I don't want to say something for risk of it being inaccurate. I get a tremendous amount of e-mails and I fear I'm committing malpractice everyday at my current firm, and I've made arrangement to leave that place. . . . I apologize for being unprepared today. I really thought this matter was dismissed.

Doc. 342-8 at 6-7.

The lawyer admitted that he had spoken with counsel for the government on October 20, 2017 about the forfeiture action. Yet he failed to conduct the research necessary to know which type of claim to file, and neglected to file the petition until more than five months after the deadline (*see* Doc. 323 at 5-6), despite representing to the Court that he had "done quite a few of these cases." Doc. 342-8 at 5.

Moreover, according to Koebler, her lawyer failed to disclose that he had never done a federal forfeiture case like hers (Doc. 342-1 at 19); failed to advise her of the Court's order on September 19, 2017, which required parties asserting an interest in forfeited property to file a petition within 30 days (*id.* at 20; Doc. 215 at 6); failed to collect information and documentation to argue the merits of her petition (Doc. 342-1 at 20-21); failed to understand the applicable law, facts, and deadlines in her case (*id.* at 21-23); from July 2017 to August 10, 2018, assured her that "he had done enough to prove that [Koebler] was the sole owner" of the Property and would be successful; never advised her that he had failed to file her petition on time; and represented to her that the June 21 hearing had gone well and that "the case remained on track for [her] to retain her home" (*id.* at 23-24). Koebler only learned that her petition was dismissed when she saw the Court's August 2018 order, and she sought new counsel less than one month later. *Id.* at 25.

The government argues that the former lawyer's "misconduct falls far below [the attorney's] in *Tani*" and that he was not grossly negligent because he only missed a deadline. Doc. 343 at 12. The Court disagrees. The lawyer misled Koebler about his experience and the status of her petition, failed entirely to understand the applicable law and procedural rules necessary for competent representation, failed to timely file Koebler's petition or notify her of the untimely filing, and appeared in Court unprepared and unaware of the status of the case. He failed at every step to advance Koebler's interests. His "behavior was not mere negligence, but rather virtual abandonment" of his client. *Brooks*, 818 F.3d at 534. The Court finds that the lawyer's conduct constitutes gross negligence sufficient to support a finding of extraordinary circumstances under Rule 60(b)(6).

The Court further concludes that "circumstances beyond [Koebler's] control . . . prevented [her] from proceeding with the prosecution or defense of the action in a proper fashion," justifying relief under Rule 60(b)(6). *Tani*, 282 F.3d at 1168. Although Koebler knew in July 2017 that her home might be subject to forfeiture, her lawyer repeatedly reassured her that the case was progressing favorably. Even after the June 21 hearing, he did not advise Koebler that he failed to timely file her petition or that it might be dismissed. The lawyer's misleading statements prevented Koebler from knowing anything was awry and taking other action in her case.

### 2. Timeliness of Koebler's Motion.

"Even where a petitioner is abandoned by counsel, the petitioner must also show that [she] diligently pursued [her] rights before relief can be granted under Rule 60(b)(6)." *Brooks*, 818 F.3d at 353. "Reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief; instead, it requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Id.* (citation and internal quotations omitted).

The government argues that Koebler's motion is untimely because it was filed more than four months after the Court's dismissal order. Doc. 343 at 5. The Court disagrees. Koebler sought and obtained new counsel in September 2018, less than a month after she learned that the Court dismissed her petition. Docs. 342-1 at 25; 344-1 at 3. Four months is not an unreasonable time for Koebler's new counsel to learn the record, gather the relevant factual and legal information, and file the Rule 60 motion for relief.[2]

**IT IS ORDERED:**

1. Claimant Tara Koebler's Rule 60(b) motion for relief from the dismissal order (Doc. 342) is **granted**.

---

[2] The Court finds the arguments of Koebler's new counsel largely off-target. She cites the Sixth Amendment and related cases, which are inapplicable in the civil context. She asserts that the former lawyer's ineffective assistance deprived her of due process under Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853(n), but cites no supporting cases. She argues that the forfeiture of the Property violates the Eight Amendment's Excessive Fines Clause, but that argument addresses the merits of her case, not whether extraordinary circumstances justify relief under Rule 60(b)(6).

2. The Clerk is directed to **vacate** the Court's dismissal order, dated August 10, 2018 (Doc. 323).

3. The Court will hold a status conference with the parties on **March 5, 2019, at 3:30 p.m**., to discuss next steps.

Dated this 11th day of February, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge